FILED
NOVEMBER 14, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
DAJ

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL OTERO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.** |
| | ) | |
| **vs.** | ) | **Judge** |
| | ) | **Magistrate Judge** |
| **CITY OF CHICAGO; Chicago Police Officers CHAD BEHREND, Star 19481; and KEN WEST, Star 11441;** | ) | |
| | ) | **Jury Demand** |
| | ) | |
| **Defendants.** | ) | |

07 C 6463
JUDGE ANDERSEN
MAGISTRATE JUDGE COLE

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a United States citizen, and a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On November 4, 2006, at about 9:30 a.m., in the alley at or near 2749 North Spaulding Avenue, Chicago, Plaintiff was picked-up by his friend, Tito.

9. When Plaintiff got into Tito's car, Defendants BEHREND and WEST stopped behind Tito's car in an unmarked police car.

10. The Defendant-Officers ordered Plaintiff and Tito to put their hands where they could "see them."

11. Plaintiff and Tito complied.

12. The Defendant-Officers then ordered Plaintiff and Tito out of the car.

13. Plaintiff and Tito got out of the car.

14. After Plaintiff and Tito got out, the Defendant-Officers handcuffed Plaintiff and Tito, and then searched them.

15. Plaintiff was seized and not free to leave.

16. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

17. After the Defendant-Officers searched Plaintiff and Tito, they searched Tito's car.

18. The Defendant-Officers claim that they recovered narcotics from Tito's car.

19. The Defendant-Officers did not know who the narcotics belonged to. The Defendant-Officers transported Plaintiff and Tito to the 14th District Chicago police station.

20. At the station, the Defendant-Officers "ran" Plaintiff's name.

21. The Defendant-Officers also "ran" Tito's name.

22. Through running Plaintiff's name, the Defendant-Officers learned that Plaintiff was currently on parole.

23. Because Plaintiff was on parole, the Defendant-Officers charged Plaintiff with the narcotics and released Tito.

24. Defendant-Officers prepared false police reports claiming that they stopped Tito's vehicle for blocking the alley, and also falsely asserted that when they approached the vehicle they observed Plaintiff "make a furtive movement with his right hand to his rear waist area."

25. Plaintiff was charged with unlawful possession of a controlled substance in Cook County Circuit Court case number 06 CR 26292.

26. Since Plaintiff was on parole, he was unable to be released on bail and was incarcerated at the Illinois Department of Corrections.

27. On February 8, 2007, a motion to quash filed in the criminal case was granted, and the case against Plaintiff was nolle prossed.

28. As a result of the arrest and charges, Plaintiff was incarcerated from November 4, 2006, to March 16, 2007 (over four months).

29. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

30. As a direct and proximate result of the acts of the Defendant-Officers described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, mental anguish and humiliation.

**COUNT I**
**(42 U.S.C. § 1983 – Unreasonable Seizure)**

31. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

32. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

33. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

34. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

**COUNT II**
**(42 U.S.C. § 1983 – Illegal Search of Person)**

35. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

36. The actions of Defendant-Officers in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the

Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

**COUNT III**
**(State Law Claim for Malicious Prosecution)**

37. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

38. Defendant-Officers instituted charges against Plaintiff for unlawful possession of a controlled substance.

39. There was not probable cause for such charges.

40. The charges were dismissed and terminated in a manner indicative of Plaintiff's innocence.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

**COUNT IV**
**(State Law *Respondeat Superior* Claim)**

41. The acts of the individual Defendant-Officers described in the supplementary state law claim specified above was willful and wanton, and committed in the scope of employment.

42. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

**COUNT V**
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

43. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

44. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

45. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595