UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL OTERO, | ) | |
|     Plaintiff, | ) | |
| v. | ) | NO.  07 C 6463 |
| | ) | |
| CITY OF CHICAGO; | ) | JUDGE ANDERSEN |
| Chicago Police Officers | ) | |
| CHAD BEHREND, Star 19481; and | ) | |
| KEN WEST, Star 11441; | ) | MAGISTRATE JUDGE COLE |
|     Defendants. | ) | |

**DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND
TO PLAINTIFF'S COMPLAINT**

Defendants, City of Chicago, Behrend and West submit the following answer, defenses and jury demand to Plaintiff's Complaint:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** **Defendants admit Plaintiff purports to bring a claim pursuant to 42 U.S.C. §1983, but deny that Plaintiff states any viable claims against Defendants.**

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).  Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** **Defendants admit this Court has jurisdiction to hear Plaintiff's claims, but deny that Plaintiff states any viable claims against Defendants.**

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** **Defendants admit venue is proper before this court.**

**Parties**

4. Plaintiff is a United States citizen, and a resident of Chicago, Illinois.

1

**ANSWER:** Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** **Defendants admit that at all relevant times during their encounter with plaintiff on November 4, 2006, they were employed as police officers by the City of Chicago, acting within the scope of their employment and under color of law.**

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** **Defendants Behrend and West admit that Plaintiff has brought suit against them in their individual capacities, but deny that Plaintiff states any viable claims against then.**

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** **Defendants admit the City of Chicago is a municipality as defined by Illinois law and further admit that Defendants Behrend and West are employed as City of Chicago police officers.**

Facts

8. On November 4, 2006, at about 9:30 a.m., in the alley at or near 2749 North Spaulding Avenue, Chicago, Plaintiff was picked-up by his friend, Tito.[1]

**ANSWER:** **Defendants admit that on the morning of November 4, 2006, they saw Plaintiff get into the front passenger seat of a car in the alley at the vicinity of 2749 North Spaulding, Chicago. They later came to learn that the car was driven by Ernesto Vargas.**

---

1 Defendants do not know the driver of the car as "Tito," but rather as Ernesto Vargas.

**Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph.**

9. When Plaintiff got into Tito's car, Defendants BEHREND and WEST stopped behind Tito's car in an unmarked police car.

**ANSWER: Defendants admit that after Plaintiff got into the car, they pulled up behind the car in an unmarked police car to issue a parking citation. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph.**

10. The Defendant-Officers ordered Plaintiff and Tito to put their hands where they could "see them."

**ANSWER: Defendants admit the allegations in this paragraph.**

11. Plaintiff and Tito complied.

**ANSWER: Defendants admit that the driver of the car complied and put his hands where Defendants could "see them." Defendants further admit that Plaintiff also complied, but only after first making furtive, suspicious movements with his hands.**

12. The Defendant-Officers then ordered Plaintiff and Tito out of the car.

**ANSWER: Defendants admit the allegations in this paragraph.**

13. Plaintiff and Tito got out of the car.

**ANSWER: Defendants admit the allegations in this paragraph.**

14. After Plaintiff and Tito got out, the Defendant-Officers handcuffed Plaintiff and Tito, and then searched them.

**ANSWER: Defendants admit that after Plaintiff and the driver got out of the car they were handcuffed and a protective pat down search was conducted.**

15. Plaintiff was seized and not free to leave.

3

**ANSWER:** **Defendants admit that after Plaintiff was found in possession of suspected crack cocaine he was not free to leave.**

16. Plaintiff had not violated any city, state or federal law, Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

**ANSWER:** **Defendants admit they did not have an arrest warrant for Plaintiff. Defendants deny the remaining allegations in this paragraph.**

17. After the Defendant-Officers searched Plaintiff and Tito, they searched Tito's car.

**ANSWER:** **Defendants admit that after they conducted the protective pat down searches of Plaintiff and the driver and after they discovered Plaintiff in possession of suspected crack cocaine, the car was searched incident to arrest.**

18. The Defendant-Officers claim that they recovered narcotics from Tito's car.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

19. The Defendant-Officers did not know who the narcotics belonged to. The Defendant-Officers transported Plaintiff and Tito to the 14th District Chicago police station.

**ANSWER:** **Defendants admit they transported Plaintiff and the driver to the 14th District station. Answering further, Plaintiff admitted the suspected crack cocaine found in his possession was his and, therefore, Defendants deny the remaining allegations in this paragraph.**

20. At the station, the Defendant-Officers "ran" Plaintiff's name.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

21. The Defendant-Officers also "ran" Tito's name.

**ANSWER:** **Defendants admit they "ran" the name of the driver.**

4

22. Through running Plaintiff's name, the Defendant-Officers learned that Plaintiff was currently on parole.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

23. Because Plaintiff was on parole, the Defendant-Officers charged Plaintiff with the narcotics and released Tito.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

24. Defendant-Officers prepared false police reports claiming that they stopped Tito's vehicle for blocking the alley, and also falsely asserted that when they approached the vehicle they observed Plaintiff "make a furtive movement with his right hand to his rear waist area."

**ANSWER:** **Defendants deny the allegations in this paragraph.**

25. Plaintiff was charged with unlawful possession of a controlled substance in Cook County Circuit Court case number 06 CR 26292.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

26. Since Plaintiff was on parole, he was unable to be released on bail and was incarcerated at the Illinois Department of Corrections.

**ANSWER:** **Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

27. On February 8, 2007, a motion to quash filed in the criminal case was granted, and the case against Plaintiff was nolle prossed.

**ANSWER:** **Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph; however, on information and belief Defendants admit the charges against Plaintiff were dismissed prior to trial.**

28. As a result of the arrest and charges, Plaintiff was incarcerated from November 4, 2006, to March 16, 2007 (over four months).

**ANSWER:** **Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

29. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

30. As a direct and proximate result of the acts of the Defendant-Officers described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, mental anguish and humiliation.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

## COUNT I
### (42 U.S.C. § 1983 - Unreasonable Seizure)

31. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:** **Defendants re-assert their answers to paragraphs 1-30 as if fully set forth herein.**

32. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

33. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

34. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

## COUNT II
### (42 U.S.C. §1983 - Illegal Search of Person)

35. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:** **Defendants re-assert their answers to paragraphs 1-30 as if fully set forth herein.**

36. The actions of Defendant-Officers in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

## COUNT III
### (State Law Claim for Malicious Prosecution)

37. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:** **Defendants re-assert their answers to paragraphs 1-30 as if fully set forth herein.**

38. Defendant-Officers instituted charges against Plaintiff for unlawful possession of a controlled substance.

**ANSWER:** **Defendants admit Plaintiff was charged with possession of a controlled substance in violation of 720 ILCS 570.0/402-C and that these charges were subsequently superseded by indictment.**

39. There was not probable cause for such charges.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

40. The charges were dismissed and terminated in a manner indicative of Plaintiff's innocence.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

## COUNT IV
### (State Law *Respondeat Superior* Claim)

41. The acts of the individual Defendant-Officers described in the supplementary state law claim specified above was willful and wanton, and committed in the scope of employment.

**ANSWER:** **Defendants admit that Officers Behrend and West were acting within the scope of their employment as City of Chicago police officers at all times during their**

interactions with Plaintiff.  Defendants deny the remaining allegations in this paragraph.

42. Pursuant to *respondeat superior,* Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

**ANSWER:** Defendant City states that the allegations contained in this paragraph are neither a complete nor accurate statement of the law with regard to the City's responsibility as principal for its agents' actions, and, therefore, these allegations are denied.  Defendant Officers make no answer to the allegations contained in this paragraph which are directed solely against Defendant City of Chicago.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

43. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

**ANSWER:** Defendants re-assert their answers to all of the above paragraphs as if fully set forth herein.

44. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants admit that Officers Behrend and West were acting within the scope of their employment as City of Chicago police officers at all times during their interactions with Plaintiff.  Defendants deny the remaining allegations in this paragraph.

45. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Defendant City states that the allegations contained in this paragraph are neither a complete nor accurate statement of the law with regard to the City's liability for any judgments arising from the actions of Defendants Behrend and West, and,

8

therefore, these allegations are denied.  Defendant Officers make no answer to the allegations contained in this paragraph which are directed solely against Defendant City of Chicago.

## AFFIRMATIVE DEFENSES FOR DEFENDANTS BEHREND AND WEST

1. Defendant Officers were and are government officials (police officers) who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances that confronted the Defendants, could have believed their actions to be lawful in light of clearly established law and the information the Defendants possessed.  Therefore, they are entitled to qualified immunity.

2. Under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2002).

3. As to all state law counts, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision to detain, question and search, based upon the information and circumstances known to Defendants at the time, was a discretionary decision for which they are immune from liability.  745 ILCS 10/2-201 (2002).

4. Under the Illinois tort immunity law, Defendants are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his employment is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2002).

5. Where Defendants may be liable in damages, the amount of damages to which

Plaintiff would otherwise be entitled must be reduced by application of the principles of comparative fault, in proportion to the amount of the intentional, willful and wanton and negligent conduct of Plaintiff, which was the proximate cause of his injuries and damages.

6.    At the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiffs is more than fifty percent (50%) responsible for the proximate cause of the injury or damage for which recovery is sought.

7.    To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

8.    Defendant Officers are not liable for any injury allegedly caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-208.

9.    Plaintiff is estopped from arguing that he was falsely charged with possession of an illegal substance. Plaintiff filed a motion to suppress evidence during the subsequent criminal proceeding. The motion was granted by the criminal court judge. The plaintiff is therefore estopped from arguing that he did not possess the narcotics or that he was falsely arrested for possessing narcotics.

10.   As to plaintiff's state law claims, the Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney

10

fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979)(internal citations omitted).

## AFFIRMATIVE DEFENSES FOR DEFENDANT CITY OF CHICAGO

1.      To the extent any individual defendants/employees of the City of Chicago are not liable as alleged in the complaint, the City would not be liable.

2.      Defendant City is not liable for the claims as alleged under state law because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct, and the City cannot be held liable where the employee is not liable. 745 ILCS 10/2-202; 745 ILCS 10/2-109.

3.      Defendant City is not liable for the claims as alleged under state law because a public employee is not liable for an injury caused by the act or omission of another person, and the City cannot be held liable where the employee is not liable. 745 ILCS 10/2-202; 745 ILCS 10/2-109.

4.      The City of Chicago is immune from the imposition of punitive damages under both state and federal law.  Moreover, under Illinois law, the City cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages.

5.      To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that a plaintiff has a duty to mitigate his damages.

6.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by negligent, willful and wanton, or other wrongful conduct on the part of the plaintiff as reflected in the public record, including but not limited to police reports,

certified statements of conviction, court records and published court opinions, any verdict or judgment obtained by plaintiff must be reduced by an amount commensurate with the degree of fault attributed to plaintiff.

7. As to plaintiff's state law claims, Defendant City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979)(internal citations omitted).

## JURY DEMAND

The Defendants demand a jury trial.

**WHEREFORE**, Defendants pray that this Court dismiss Plaintiff's complaint with prejudice and award costs and fees and other relief as is deemed just and proper by this Court.

        Respectfully submitted,

        s/ Patricia Kendall
        PATRICIA KENDALL
        Assistant Corporation Counsel
        Attorney for Defendants

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-5170
ATTY. NO. 06195253

## CERTIFICATE OF SERVICE

      I hereby certify that I have caused true and correct copies of the above and foregoing **DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** to be sent by the court's efile notice system to all attorneys of record on this 27th day of June, 2008.

                                              __s/ Patricia J. Kendall_____
                                              PATRICIA J. KENDALL
                                              Assistant Corporation Counsel
                                              Attorney for Defendants